

NUMBER 13-15-00068-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

CRISSY NICOLE GUERRA,                                              Appellant,

v.

THE STATE OF TEXAS,                                              Appellee.

On Appeal from the 404th District Court
of Cameron County, Texas.

# ORDER OF ABATEMENT

**Before Justices Garza, Benavides, and Perkes**
**Order Per Curiam**

Appellant, Crissy Nicole Guerra, has filed a notice of appeal with this Court from her conviction in trial court cause number 2012-DCR-351-G. The trial court's certification of the defendant's right to appeal shows that this is a plea bargain case and the defendant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2).

On February 11, 2015, we ordered appellant's counsel, Douglas H. Pettit, to, within thirty days, review the record and advise this Court as to whether appellant has a right to appeal. *See* TEX. R. APP. P. 44.3, 44.4. Counsel responded to this Court's order by filing a response indicating the trial court granted a motion to withdraw as attorney of record on February 17, 2015. Counsel states that appellant did not enter a plea bargain regarding the motion to revoke, that appellant has the right to appeal her motion to revoke probation, and that it should be determined if appellant is indigent and entitled to court-appointed counsel.

Review of the trial court's certification indicates it was signed on March 7, 2013, prior to the hearing on the motion to revoke probation. Rule 25.2(a)(2) governs the defendant's right to appeal in a criminal case and requires that the trial court enter a certification of the defendant's right to appeal in every case in which it enters a judgment of guilt or other appealable order. TEX.R.APP.P. 25.2(a)(2).

Therefore, we ABATE this appeal and REMAND this cause to the trial court for a hearing to determine whether appellant desires to prosecute the appeal, whether appellant is indigent, and whether appellant is entitled to appointed counsel. *See Penson v. Ohio*, 488 U.S. 75, 83-84 (1988); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We further direct that, after conducting the hearing, the trial court re-certify whether appellant has the right of appeal.

The trial court shall issue findings of fact and conclusions of law regarding these issues. Should the trial court find that appellant desires to pursue this appeal, is indigent, and is entitled to appointed counsel, the trial court shall appoint counsel. If counsel is

appointed, the name, address, telephone number, email address, and state bar number of said counsel shall be included in the trial court's findings of fact and conclusions of law. The trial court's amended certification, and any orders it enters shall be included in a supplemental clerk's record. The trial court is directed to cause the supplemental clerk's record to be filed with the Clerk of this Court within thirty days of the date of this order. Should the trial court require more time to comply with the directions of this Court, it shall request an extension prior to the expiration of this deadline.

It is so ORDERED.

PER CURIAM

Do not publish. TEX. R. APP. P. 47.2(b).

Delivered and filed
The 30th day of March, 2015.

3